IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| BRIAN KEITH COCKRELL | | |
| 1600 WALTERSWOOD ROAD | * | |
| PARKVILLE, MD.  21239 | | |
|  | * | |
|  | | |
| JEREMY REESE | * | |
| 651 W. HOFFMAN STREET | | |
| BALTIMORE, MD. 21201 | * | |
|  | | |
| WILLIAM MULLEN | * | |
| 611 PARK AVENUE | | |
| APARTMENT 202 | | |
| BALTIMORE, MD. 21201 | * | |
|  | | |
| *Plaintiffs* | | |
|  | * | |
| On Behalf of Himself and | | |
| Similarly Situated Persons | * | |
|  | | |
| v. | * | CIVIL ACTION NO. |
|  | | |
| TOTAL ENVIRONMENTAL CONCEPTS, INC. | * | |
|  | | |
| Serve On: | * | |
|  | | |
| CSC-LAWYERS INCORPORATING SERVICE | * | |
| COMPANY | | |
| 7 ST. PAUL STREET | * | |
| SUITE 820 | | |
| BALTIMORE, MD. | * | |
| 21202 | | |
|  | * | |
|  | | |
|  | * | |
| TODD PATTERSON | | |
| CHIEF FINANCIAL OFFICER | * | |
| TOTAL ENVIRONMENTAL CONCEPTS, INC. | | |
| 15 PARK PLACE | * | |
| GAITHERSBERG, MARYLAND, 20877 | | |
|  | * | |

MARY ANN FAUDALE
PRESIDENT AND DIRECTOR                              *
OF OPERATION
TOTAL ENVIRONMENTAL CONCEPTS, INC.    *
15 PARK PLACE
GAITHERSBERG, MARYLAND, 20877              *

                                                               *

            *Defendants*                                *

   *     *     *     *     *     *     *     *     *     *     *     *

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs Brian Keith Cockrell ("Cockrell"), Jeremy Reese ("Reese"), and William Mullen ("Mullen") bring this action on behalf of themselves and other similarly situated past and present employees of defendant employer, to recover unpaid wages, overtime compensation, liquidated damages, attorney fees, and costs under the provisions of the Fair Labor Standards Act of 1938, as amended (29 USC § 201 et. seq.) referred to herein as the "FLSA" or the "Act". They also seek damages for breach of contract.

Cockrell also seeks backpay and reinstatement because he was unlawfully terminated in retaliation for his oral and email complaints about the unlawful company pay policy. He also sues for defamation due to an August 21, 2020 email to all TEC employees where it was stated that Cockrell was fired for cause when in fact he was fired for protected activity under the FLSA.

A Maryland Wage Payment and Collection count is also included due to the conduct discussed above.

**PARTIES AND JURISDICTION**

1. Jurisdiction of the action is conferred on this Court by Section 16(b) of the Act (29 USC § 216(b)), and by the provisions of 28 USC § 1337, relating to any civil liability or proceeding arising under any Act of Congress regulating Commerce.  Jurisdiction is also conferred by 28 U.S.C. §1367.

2. Plaintiff Cockrell is a resident of Baltimore County, Maryland.

3. Plaintiffs Reese and Mullen are residents of Baltimore City, Maryland.

4. Defendant Total Environmental Concepts Inc. ("TEC") is a Maryland Corporation, with its principal office in the County of Montgomery, State of Maryland at 15 Park Avenue, Gaithersberg, Maryland, 20877.   Defendant has other locations in Hanover, Maryland and Springfield Virginia.

5. At all relevant times plaintiffs were employed by TEC.

6. At all relevant times defendants employed plaintiffs and others similarly situated in various occupations in connection with the business of defendant employer.  In performing the operations described, plaintiff and others similarly situated were engaged in commerce within the meaning of Sections 3 (b), 3(i), 3(j), 6(a), and 7(a) of the Act (29 USC §§203(b), 203(i), 203(j), 206(a), 207(a)).

7. TEC is an enterprise engaged in interstate commerce whose annual gross volume of sales made or business done is not less than $500,000.

8. Defendant Todd Patterson ("Patterson") is a shareholder in TEC and the Chief Financial Officer.  He determines and administers the compensation of TEC employees.

9. Patterson designed and implemented an unlawful pay system where he paid workers as exempt employees when they worked over forty hours per week while in weeks where they worked less than forty hours in the workweek they were paid on an hourly basis.

10. TEC did not pay salaried employees a predetermined regular rate of pay each week but rather paid an hourly rate of pay thus forfeiting the salary basis exemption under the FLSA.

11. TEC also misclassified employees as exempt employees when they did not satisfy the legal standards for exemption as a bona fide administrative, professional or professional employees.

12. The plaintiffs and others are not outsides sales employees.

13. Patterson is a CPA who had the professional training and education sufficient to know that TEC was violating the FLSA by its pay policy denying plaintiffs, and others similarly situated, overtime pay after forty (40) hours worked in a workweek, and by misclassifying technicians and other ineligible employees as exempt from the overtime provisions of the FLSA.

14. Defendant Mary Anne Faudale ("Faudale") is a shareholder in TEC.  She is the President of TEC and Director of Operations, and Compliance Officer.

15. Faudale administered the unlawful pay system while also knowing it violated the FLSA. At all relevant times she was aware that TEC was failing to pay Cockrell and others as required under the Fair Labor Standards Act.

16. TEC is a "person"  (29 USC 203(a)), "employer" (29 USC §203(d), and an "enterprise engaged in commerce" (29 USC §203(s)(1)) under the Act.

17. Patterson and Faudale are respectively a "person" (29 USC §203(a)) and an "employer" (29 USC §203(d) under the Act.

18. On January 24, 2020 Cockrell was hired by TEC as an Industrial Hygienist at an annual salary of $65,000 per year.

19. Cockrell's contract called for payment of his annual salary in weekly installments.

20. TEC has failed to honor this contract by paying Cockrell a weekly amount below the agreed to pay.  This breach is continuing.

21. TEC has breached the contract of similarly situated employees.

22. Cockrell worked out of TEC's Hanover, Maryland office but has primarily worked from home since the COVID-19 outbreak.

23. Cockrell's offer letter states that he is classified as a regular, full-time exempt employee.

24. Cockrell reported to Tokes Abesida, Branch Manager.

25. Cockrell also reported to Adebayo Bello, Senior Industrial Hygienist.

26. Mullen was hired on July 31, 2019 as a Project Coordinator for an annual salary rate of $53,000 per annum paid on a weekly basis.

27. He reported to Tokes Abesida, Branch Manager.

28. He primarily worked in Maryland and reported to the Hanover, Maryland office. He worked from home since the COVID-19 outbreak.

29. Mullen entered into a written contract for the amount of $53,000, increased to $55,000 after completion of training.

30. Mullen's contract called for payment of his annual salary in weekly installments.

31. TEC has failed to honor this contract by paying Mullen a weekly amount below the agreed to pay.  This breach is continuing.

32. TEC has breached the contract of similarly situated employees.

33. Reese was hired on May 9, 2018 as an Industrial Hygienist Technician for an annual salary of $35,360 payable in weekly installments.

34. He was primarily employed in Maryland, reporting to the Hanover, Maryland office.

35. He reported to Adebayo Bello, Senior Industrial Hygienist.

36. TEC has failed to honor this written contract by paying Reese a weekly amount below the agreed amount.

37. TEC later increased this amount of annual pay.

38. TEC has failed to honor this contract by paying Reese a weekly amount below the agreed to pay.

39. This breach is continuing.

40. TEC has breached the contract of similarly situated employees.

41. Reese and other similarly situated technicians and employees were misclassified as exempt employee to avoid the overtime provisions of the FLSA.

42. For weeks where plaintiffs and other employees classified as exempt worked more than forty (40) hours per week they were not paid overtime because TEC maintained that they were "exempt" employees under the FLSA.

43. For weeks where plaintiffs and other TEC employees classified as exempt worked less than forty (40) hours per week, TEC only paid these employees for the hours worked and billed to a client.

44.  Plaintiffs were advised by their management, including Tokes Abesida, Branch Manager, not to record their hours worked over forty hours in a workweek because they were not entitled to overtime.

45. TEC management verbally discouraged plaintiffs and other similarly situated employees from reporting their hours worked in a workweek because they were told by TEC that they were exempt from overtime.

## COUNT ONE – DEFENDANTS KNOWING VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. Plaintiffs repeat the allegations of paragraphs 1-45 above.

47. At all relevant times defendants paid plaintiffs and others similarly situated less than the federal minimum wage for hours worked after forty hours in a workweek and less than time and one half for hours worked in excess of forty in a workweek, contrary to the provisions of Section 6(a) of the Act (29 USC § 206 (a)).

48. Defendants knew that plaintiffs and other employees worked over forty hours per week and were not being paid for it.

49. Defendants knew that while they represented to plaintiffs that they were exempt salaried employee plaintiffs were not paid a predetermined amount as represented by Defendants but rather for only the hours worked for any workweek where a plaintiff worked less than 40 hours for that workweek.

50. Defendants willfully, knowingly and purposely engaged in the compensation practices set forth in above so that a three year statute of limitations applies to this matter.

**WHEREFORE, plaintiffs request:**

- Judgment against defendants in the amounts respectively due plaintiffs and all other past and present employees of the defendant similarly situated for hours worked up to forty in a workweek and for hours worked in excess of forty hours worked in a workweek as required by the Fair Labor Standards Act at 29 U.S.C. §216 (b);

- Judgment against defendants for engaging in the willful violation of the Fair Labor Standards Act and award of liquidated damages for a period of three years pursuant to 29 USC §216(b) and 29 USC §255 (a).

- Award to plaintiffs from defendants payment of costs under the provisions of the Fair Labor Standards Act; and

- Award to plaintiffs from defendants payment of reasonable attorneys' fees for the prosecution of this action as contemplated by the Fair Labor Standards Act;

- Any other relief that the Court may deem just and proper.

**COUNT TWO – RETALIATORY TERMINATION OF BRIAN KEITH COCKRELL UNDER 29 U.S.C. §215(a)(3).**

51. Plaintiffs repeat the allegations of paragraphs 1-50 above.

52. Cockrell was terminated on August 18, 2020.

53. Prior to his termination, Cockrell complained to Mr. Bello about not being provided forty hours of work and being paid hourly for only those hours worked.  He also asked why he was not being paid for over forty hours worked in a workweek under his terms of employment.

54. During the week of August 14, 2020 Cockrell discussed with Mullen and Reese the company's failure to pay salaried, exempt employees their salary and instead pay them on an hourly basis.

55. The employees sought legal advice.

8

56.  As a result of legal advice, by email dated Friday, August 14, 2020, and entitled "Pay Policy", Cockrell requested the company's pay policy from Human Resource Manager Pam Frank.

57. TEC was aware of its employees concerns about violation of the wage and hour laws at the time that Cockrell requested the pay policy.

58. TEC was aware of its exempt employees complaints that they were not being paid their promised salary at the time Cockrell requested the pay policy.

59. Ms. Frank immediately replied to Cockrell and explained an unlawful pay model in her email to Cockrell that he was being paid hourly for weeks where he worked under forty hours per week and if he worked over forty hours per week he was not paid overtime because he was an exempt salaried employee.

60. Todd Patterson and others were advised about Cockrell's email.

61. The next work day, Monday, August 18, 2020, Cockrell was called at home by Tokes Abesida and asked to come to the Hanover, Maryland office and to bring his computer and IPad.

62. This was an unusual demand.

63. At the meeting, Abesida and Todd Paterson, TEC CFO. were in attendance.  Cockrell was asked to go over his work for the next week and pending assignments. Then Abesida stated to Cockrell that he was being let go because he did not "fit the culture".

64. Cockrell had not been previously disciplined.

65. Cockrell was never provided instruction on how to fit into the TEC culture.

66. There is no evidence that TEC has a "culture".

67. During the termination meeting Patterson raised Cockrell's conduct of sending the email asking about TEC pay policy.  He advised Cockrell in the meeting that he was aware that Cockrell had sent an email complaining about the company pay policy.

68. Patterson's comments made it clear that because Patterson had asked about the pay policy Cockrell did not fit the culture and was being terminated.

69. Section 15(a)(3) of the Fair Labor Standards Act states that it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

**WHEREFORE, plaintiff Cockrell requests:**

- Judgment against defendants, jointly and severally, requiring reinstatement to Cockrell's position with full back pay, benefits, other remuneration and liquidated damages pursuant to 29 U.S.C. § 215(a)(3); 29 USC §216(b) and 29 USC 255 (a);

- Judgment against defendants, jointly and severally, for engaging in the willful violation of the Fair Labor Standards Act by termination of Cockrell and the award of liquidated damages pursuant to 29 USC §216(b) and 29 USC §255 (a);

- Judgment against defendants, jointly and severally, ordering the payment of costs under the provisions of the Fair Labor Standards Act;

- Judgment against defendants, jointly and severally, for the payment of reasonable attorneys' fees for the prosecution of this action as contemplated by the Fair Labor Standards Act;

- Any other relief that the Court may deem just and proper.

**COUNT III – DEFAMATION OF BRIAN KEITH COCKRELL BY TEC AND TODD PATTERSON**

70. Plaintiffs repeat the allegations of paragraphs 1- 69 above.

71. Upon the termination of Cockrell, Defendant TEC, by its Patterson, acting within the scope of his employment, published an August 21, 2020 email memorandum to all TEC employees where he made the false and defamatory written statement that Cockrell was terminated for cause because he did not fit the culture.

72. This written communication did not mention Cockrell by name but was of or concerning Cockrell because his co-workers had been advised that Cockrell was terminated but did not know this termination was for cause until this communication in writing.

73. When Mullen and Reese read this email they believed that Cockrell was fired for cause.

74. Cockrell was advised at termination that he was not being fired for cause and was told to apply for unemployment by Abesida and Patterson in his termination meeting.  He was further advised that the company would not contest his filing of unemployment.

75. Cockrell filed for unemployment and it was not contested.

76. Patterson's statement that Cockrell was terminated for cause directly impugns Cockrell.

77. The statement portrays Cockrell as a poor performer in his job.  It is defamation *per se.*

78. The written defamatory statement was made with actual knowledge of its falsity and in reckless disregard of the truth.

79. The August 21, 2020 email memo statement that Cockrell was terminated for cause and did not fit the culture was false.  Cockrell was actually terminated because he complained about the pay policy and for his August 14, 2020 email requesting a copy of that policy.

80. The email memo to employees from Patterson falsely stated that Cockrell was terminated for cause when he was terminated because TEC and Patterson were panicking because exempt employees were protesting their reduction in work hours and hourly pay.  This letter was an attempt to mollify them while defaming Cockrell.

81. The email memo addressed the pay issue raised by Cockrell and tried to mollify the exempt employees who were not being paid their salary.

82. The intentional and malicious written defamatory statement was also made due to the gross negligence of TEC and its employees and agents.

83. This defamatory statement harmed the Plaintiff. He has suffered mental anguish, personal humiliation, inconvenience, embarrassment, loss of sleep, irritation, destruction of his career at TEC, loss of consortium due to damage to the marital entity, and other suffering and injury.

84.  The email memo is not privileged because it was not sent pursuant to the parameters of a privilege but rather to defame Cockrell as part of a scheme to hide his unlawful termination and TEC's inability to provide forty (40) hours of work to its employees.

85. At all relevant times Patterson was acting as an employee of TEC within the scope of his job duties so that *respondeat superior* applies to his conduct.

**WHEREFORE**, **Plaintiff requests that a judgment be entered in his favor against Defendants TEC and Patterson, jointly and severally, for:**

- Compensatory damages of at least $250,000

- Punitive damages of at least $100,000.

- Any other relief that this Court deems just and proper

**COUNT IV – BREACH OF CONTRACT**

86.  Plaintiffs repeat the allegations of paragraphs 1-85 above.

87. Cockrell, Mullen, and Reese entered into contracts with TEC requiring the payment of a certain sum of wages on a weekly basis.

88. TEC breached this agreement by failing to pay the amount promised in the contracts.

***WHEREFORE, Plaintiffs request:***

- Judgment against defendants TEC for any contract damages from failure to pay wages due, including consequential damages, flowing from TEC's breach of their respective contracts of employment.

- Any other relief that the Court may deem just and proper.

## COUNT V - VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION ACT BY DEFENDANTS FOR FAILURE TO WAGES DUE AND PAYABLE

89. Plaintiffs repeats the allegations set forth in paragraphs 1 – 88 above.

90. At all relevant times TEC knowingly failed to pay plaintiffs the legally mandated minimum wage and overtime for hours worked.

91. TEC's failure to pay such compensation is in violation of the Maryland Wage Payment and Collection Act, Annotated Code of Maryland Section 3-501 et. seq.

92. There was no *bona fide* dispute concerning these wages due.

***WHEREFORE, Plaintiffs request:***

- Payment of all wages due under the Maryland Wage Payment and Collection Act, Annotated Code of Maryland Section 3-501 et. seq.

- Payment of treble damages, attorneys' fees and costs under the Maryland Wage Payment and Collection Act, Annotated Code of Maryland Section 3-507.1(b) because TEC's withholding of wages was not the result of a *bona fide* dispute.

*/s/ E. Patrick McDermott*
E. Patrick McDermott (Bar No. 07262)
Law Office of E. Patrick McDermott LLC
510 Penguin Drive, Suite 105B
Ocean City MD. 21842
410-990-0792
410-741-3979 (fax)

## JURY DEMAND

Plaintiffs respectfully demand trial by jury.

Date: 9/11/2020                    _/s/ E. Patrick McDermott_

                                         E. Patrick McDermott (Bar No. 07262)
                                         Law Office of E. Patrick McDermott LLC
                                         410-990-0792